**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shari Ferreira, et al., | No. CV-15-01845-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Shari Ferreria's ("Plaintiff") Motion to Quash Defendant's Third Party Subpoena ("Motion to Quash," Doc. 250) filed on January 19, 2018. Defendants filed a timely Response (Doc. 252) on February 2, 2018. Plaintiff then filed its Reply (Doc. 253) on February 9, 2018. The Court now rules on the Motion.

**I. BACKGROUND**

Plaintiff brought this action on behalf of decedent Zachary Daughtry in her capacity as personal representative of the estate against Defendants, following the decedent's death on July 20, 2014. (Doc. 76 at 2). The Court explained the background facts in its Order on Defendants' Motion for Summary Judgment and its Order on Defendants' Motion to Dismiss, so the Court will not repeat them here. (*See* Doc. 244 at 2; Doc. 76 at 2). On February 21, 2016, the Court entered a scheduling order that set a deadline for discovery in this case of February 21, 2017. (Doc. 26). The Court later extended the discovery deadline to June 30, 2017. (Doc. 163). Despite the fact that this deadline had passed, on January 12, 2018, Defendants served a subpoena on the

Maricopa County Sherriff's Office ("MCSO"). (Doc. 250-2). The subpoena sought production of "Nice Vision video recordings of Ryan Bates (TO84946) and his defense team, that were produced and reviewed by Bates' RTC doctor" across a range of dates, and set a deadline of January 22, 2018, for compliance. (*Id.*). Plaintiff received a copy of this subpoena on January 17, 2018, and promptly filed the pending Motion to Quash. (Doc. 250 at 1–2).

## II. MOTION TO QUASH

### A. Legal Standard

The primary way for a party to request that a nonparty produce documents is to use a subpoena under Federal Rule of Civil Procedure ("Rule") 45. *Internmatch, Inc. v. Nxtbigthing, LLC*, 2016 WL 1212626, at *1 (N.D. Cal. 2016). Rule 45 subpoenas are subject to the more general provisions of Rule 26, which outline the permissible scope of discovery. *R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, 2014 WL 2804276, at *2 (D. Ariz. 2014). Because of this, "courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period." *Internmatch, Inc.*, 2016 WL 1212626, at *1 (N.D. Cal. 2016) (first citing *Rice v. United States*, 164 F.R.D. 556, 557–59 (N.D. Okla. 1995); and then citing *FTC v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 560–61 (N.D. Cal. 2000)); *see also Joseph P. Carroll Ltd. v. Baker*, 2012 WL 1232957 at *2 (S.D.N.Y. 2012) ("[I]t is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 'as a means to engage in discovery after the discovery deadline has passed.'") (citations omitted).[1] However, Rule 45 subpoenas "may be employed in advance of trial and outside of a discovery deadline for the limited purposes of memory refreshment, trial

---

[1] Defendants argue that "[p]arties who were not themselves the target of a subpoena do not have standing . . . to move to quash." (Doc. 252 at 2). It is generally true that "a party has no standing to quash a subpoena upon a third party, except as to claims of privilege relating to the documents being sought." *Orthoflex, Inc. v. Thermotek, Inc.*, 2012 WL 1038801, at *1 (D. Ariz. 2012) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). This general rule does not apply, however, when a party moves to quash a third party subpoena on the basis of its untimeliness. *E.g.*, *Davis v. Tri-Cty. Metro. Transp. Dist.*, 2015 WL 3823826, at *1 (D. Or. 2015) (granting motion to quash subpoena served on third party after expiration of discovery deadline); *Rice*, 164 F.R.D. at 556–58 (same).

preparation, or to secure for the use at trial original documents previously disclosed by discovery." *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1352. (N.D. Ga. 2011).

**B.  Discussion**

There is no question in this case that Defendants issued their subpoena after the close of discovery. (Doc. 250-1). Therefore, this Court must quash the subpoena unless it falls within one of the limited exceptions to this rule or Defendants establish an "excuse for their tardiness." *See Circle Grp., L.L.C.*, 836 F. Supp. 2d at 1352; *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 1266770, at *1 (N.D. Cal. 2010). Defendants do not allege that the subpoena is being used for one of the limited purposes described above, and instead attempt to excuse the late subpoena on two grounds. First, Defendants claim they were unaware that videos existed until after discovery had concluded. (Doc. 252 at 4). Second, Defendants argue that because Plaintiff made a public records request on January 12, 2018, the motion should be denied because Plaintiff has "unclean hands." (*Id.* at 5).

Defendants argue that "where the information subpoenaed was unknown during discovery, service of a subpoena after the close of discovery is appropriate." (*Id.* at 4 (citing *Integra Life Servs. I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999))). Defendants briefly state that they did not know about the existence of the videos sought by the subpoena until the videos were mentioned in an order of the Maricopa County Superior Court, filed on December 20, 2017. (Doc. 252 at 4); (Doc. 252-1 at 2–3). But, courts generally require a party to actually *explain* why it was unaware of the subpoenaed material before excusing a subpoena issued after the discovery deadline, and a single statement—absent any explanatory facts—does not satisfy this standard. *E.g.*, *Hickey v. Myers*, 2013 WL 2418252, at *9 (N.D.N.Y. 2013) (stating that the fact that the report that prompted the subpoena was issued after the discovery deadline did not "excuse Plaintiff's failure to request this information during routine discovery" because "Plaintiff knew the importance of obtaining this information prior to the issuance of the citation");

*MedImmune*, 2010 WL 1266770, at *1–2 (finding no good cause to excuse tardy subpoena even though a party alleged that it did not realize the importance of the subpoenaed documents until after reviewing notes produced on the last day of the discovery period). Defendants offer no explanation whatsoever about why they did not know of the existence of the subpoenaed videos, a tenuous claim considering the fact that they were held by MCSO and Defendants in this case include Maricopa County and the Sherriff in his individual capacity. *See, e.g.*, *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569, at *2 (D. Penn. 1997) (granting a motion to quash where the party "does not and credibly could not aver that it was unaware of the possible existence of the subpoenaed documents before the discovery deadline") (citing *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)). The Court also finds the fact that Defendants "were given ample opportunity to complete discovery before trial" in this case is a further factor weighing against them. *See Ghandi v. Police Dep't*, 747 F.2d 338, 354 (6th Cir. 1984). Finally, the Court agrees with the statement in *Rice* that, "[i]f Defendant[s] believed the information to be of importance to its case, [they] could have attempted to show good cause for modifying the [discovery] deadlines." *Rice*, 164 F.R.D. at 558. Therefore, the Court finds that Defendants fail to establish an excuse for their tardy subpoena.

As for Defendants' second argument, the Court finds that the "clean hands" doctrine does not apply here. The maxim that "he who comes into equity must come with clean hands" is a "self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Necessarily, this doctrine applies only when a plaintiff seeks an equitable remedy. *See Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000) (stating that the clean hands doctrine applies to "plaintiffs *seeking equitable relief*") (emphasis added) (citing *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985)). Here, Plaintiff does not seek an equitable remedy, but instead seeks to quash a tardy

subpoena—a remedy the Rules provide to her. *See* Fed. R. Civ. P. 45(d)(3). Therefore, the Court rejects Defendants contention that Plaintiff is barred from relief because of the "clean hands" doctrine.

Accordingly, the Court finds that Defendants improperly issued their subpoena after the close of discovery and have failed to establish an excuse to justify their tardiness.[2]

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Quash (Doc. 250) is **GRANTED**. The Clerk of the Court shall not enter judgment at this time.

Dated this 9th day of April, 2018.

_____
James A. Teilborg
Senior United States District Judge

---

[2] Defendant also argues that, "[b]ecause Plaintiffs allege the Subpoena constituted discovery, they were required to comply with the Court's discovery dispute process prior to filing their discovery motion." (Doc. 252 at 4) (citing Doc. 250 at 2). The Court rejects this argument. Because discovery closed on June 30, 2017, Plaintiff was not required to abide by the Court's discovery dispute process and appropriately challenged the subpoena through a motion to quash.