**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shari Ferreira, et al., | No. CV-15-01845-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |

Pending before the Court is Defendants' request that the Court allow three client representatives to sit at the defense table throughout trial. (Doc. 307). At the Final Pretrial Conference, Plaintiffs objected to this request. (*See* Doc. 306 at 3). As per the Court's order, Defendants filed a Memorandum (Doc. 307) regarding the request on April 26, 2018 and Plaintiffs filed a timely Response (Doc. 314) on April 30, 2018. The Court now rules on Defendants' request and Plaintiffs' subsequent objection.

**I.  LEGAL STANDARD**

Federal Rule of Evidence ("Rule") 615 states the general rule that: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Rule 615 goes on, however, to explain that it does not authorize exclusion of: "(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; [or] (c) a person whose presence a party shows to be essential to presenting the party's claim or defense." Individuals exempt from exclusion under Rule 615 are referred to herein as client representatives.

## II. ANALYSIS

Here, Plaintiffs objected to Defendants' request to designate three individuals as client representatives upon invoking the Rule of Exclusion of Witnesses under Rule 615 at the Final Pretrial Conference. (Doc. 306 at 3). Defendants argue that they are entitled to three client representatives under Rule 615(b) "because three Defendants remain" in this case—namely, Maricopa County, Maricopa County Sherriff Paul Penzone in his official capacity, and Maricopa County Correctional Health Services Medical Director Jeffrey Alvarez in his official capacity.[1] Although the premise of Defendants' request is that there are three Defendants remaining, Defendants then shift their request to represent "categories" of claims and offer up two representatives from the Maricopa County Sheriff's Office and one from Correctional Health Services to match each purported category of claim. (Doc. 307 at 2).

As Defendants point out in their justification for attempting to designate three different client representatives, the role of a client representative is to "assist counsel." (Doc. 307 at 3). Following that justification, the number of client representatives who could possibly be of assistance may be numerous and ever-changing, which is contrary to the purpose for allowing a client representative on behalf of a party that is not a natural person. *See, e.g.*, *In re Shell Oil Refinery*, 136 F.R.D. 615, 617 (E.D. La. 1991) (precluding a corporate defendant from designating a series of client representatives to be present at depositions because "by designating multiple corporate representative who are also fact witnesses, [the defendant] would in effect avoid the sequestration of witnesses rule. That would give [the defendant] an unfair advantage over the plaintiffs.").[2]

---

[1] Plaintiffs respond that Maricopa County is a jural entity that is capable of being sued, whereas both the Sheriff's Office and Correctional Health Services are non-jural entities, which are incapable of being sued in their own name. (Doc. 314 at 2 (citing *Payne v. Arpaio*, No. CV09-1195-PHX-NVW, 2009 WL 3756679, at *5 (D. Ariz. Nov. 4, 2009) (collecting cases)). As such, Plaintiffs argue that there are not really three Defendants in this case, so Defendants should not be entitled to three client representatives, because Maricopa County is not distinct from Sheriff Penzone in his official capacity and Medical Director Alvarez in his official capacity.

[2] Similarly, Defendants fail to demonstrate that each of their proposed representatives is "essential to presenting Defendants' defenses," such that they should be exempt from exclusion under Rule 615(c). (See Doc. 307 at 2).

1  Both Rule 615(b) and the Advisory Committee's Note describe who is subject to
2  the exception from exclusion by employing singular nouns, rather than plural nouns. Rule
3  615(b) refers to designation of a "representative" (singular). The Advisory Committee's
4  Note also refers to "a representative" and "the representative." *See U.S. v. Pulley*, 922
5  F.2d 1283, 1286 (6th Cir. 1991) ("'A' representative, like 'a' natural person, 'a' police
6  officer, and 'an' officer or employee, is singular," therefore "in the instant case we can
7  discern no reason to convert the singular into the plural."); *see also* § 6245 Exceptions to
8  Required Exclusion, 29 Fed. Prac. & Proc. Evid. § 6245 (2d ed. 2018) ("permitting a
9  party that is not a natural person to exempt multiple representatives from exclusion could
10 be unfair since a party that is a natural person can avoid exclusion under Rule 615(a) only
11 for himself."). Accordingly, Defendants are not entitled to designate multiple individuals
12 as the client representative (singular) for Sheriff Penzone in his official capacity as head
13 of the Sheriff's Office, nor may Defendants choose a client representative that may
14 otherwise be allowable for Maricopa County to effectively serve as a second
15 representative for the Sheriff's Office based on the premise that there are three
16 Defendants in this case. Accordingly, Sheriff Penzone and Medical Director Alvarez are
17 allowed one and only one client representative each.[3]

///
///
///
///
///
///

---

[3] In their Response, Plaintiffs seemingly confuse the knowledge these designated people have—which the attorneys claim will help counsel—with the disclosure obligations Defendants would be under if the individuals being offered as client representatives had to be disclosed as witnesses. (Doc. 314 at 2).There is a distinction between witness disclosure requirements, regardless of whether someone is or is not a client representative, and the issue before this Court: Defendants' request to have three clients representatives sit at the defense table throughout trial. The Court will note that status as a client representative does not somehow nullify any applicable disclosure requirements and restricts its ruling to the narrow issue before it at this time.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' objection (Doc. 314) to Defendants' request (Doc. 307) that the Court allow three clients representatives to sit at the defense table throughout trial is **SUSTAINED in part** and **OVERRULED in part**. Defendants may designate one client representative for Sheriff Penzone from the Sheriff's Office and one for Medical Director Alvarez for Correctional Health Services. The Clerk of Court shall not enter judgment at this time.

Dated this 4th day of May, 2018.

James A. Teilborg
Senior United States District Judge